UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARTANYA L. HAUSBURG,   Case No.:
   Plaintiff,

v.

ROBERT WILKIE, Secretary,
DEPARTMENT OF VETERANS AFFAIRS,
   Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF REQUESTED**

Plaintiff, Dartanya L. Hausburg, complains of Defendant, Robert Wilkie, Secretary, Department of Veterans Affairs as follows:

1. This court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, including 42 U.S.C. § 2000e-16 and 42 U.S.C. § -2000e-2(m), the Rehabilitation Act of 1973, 29 U.S.C. § 791 (Rehabilitation Act)  and the Family Medical Leave Act 29 U.S.C. § 2617.

2. Plaintiff has complied with all jurisdictional prerequisites to action under Title VII of the Civil Rights Act of 1964 as amended and the Rehabilitation Act including having exhausted his administrative remedies.

3. James A. Haley VA Hospital (Haley VAMC) is a Veterans Administration (VA) hospital and medical center with related services.  It is located in Tampa, Hillsborough County, Florida and surrounding areas.  It is broken down into various services, including the Nursing Service.

4.       The Plaintiff is a veteran and a Registered Nurse 2 step 7. His first job at the VA was as a student nurse technician in 1989 at the VA in Miami, Florida. From 2002 to 2014 His predominant specialty was in Emergency Rooms (ER) and Intensive Care Units (ICU).  He taught nursing school for a couple of those years.  He ran transplant hepatology at Tampa General Hospital.  He also did some agency and consulting work as a registered nurse.  He taught an Administrative program, fundamentals of nursing, as well as Med-Surgery I and II.  Hausburg began at James A. Haley VAMC on October 20, 2014. He started in the Emergency Room. He was subsequently reassigned from the Emergency Room to Progressive Care Unit (PCU) in March of 2016.

5.       Plaintiff has worked for the Department of Veteran Affairs at the James A. Haley VAMC since October 20, 2014. After he became an Emergency Room nurse, Plaintiff complained about being bullied, harassed and stalked by a female nurse beginning on or about September 15, 2015. Plaintiff complained to his Nurse Manager on or about October 6, 2015 that he was being harassed including sexual allegations by a female nurse. On October 7, 2015, his nurse manager retaliated against him by instituting an investigation of Plaintiff for inappropriate behavior.  On November 16, 2015, Plaintiff filed an EEO claim for hostile work environment and disparate treatment based on race (Black), sex (Male) and/or reprisal.  He was retaliated against with allegations he sexually harassed a nurse.  He was removed from duty in the Emergency Room and detailed to the Women's Clinic. Although he had an outstanding rating prior to these incidents, he was subjected to a summary proceeding which could have led to termination.  However, after considering evidence from parties, witnesses and photographs of the nurse stalker stalking his home, the reviewers ruled in his favor. After Plaintiff prevailed, on March 24, 2016 he was reassigned from the ER to the Progressive Care Unit, Nursing Acute Care Service (PCU).

Referring to what happened in the ER, the Chief of that unit, Catharine Preston, told him she wanted no more drama when he arrived.

6. In December 2017, Plaintiff requested leave to attend a hearing in his original EEO case. Although he had a right to administrative absence (AA) under EEOC rules for federal employees (MD 110) and a right to leave under FMLA, Preston denied him leave and charged him with AWOL and later docked his annual leave.

7. At times material to this complaint, Laureen Doloresco (Doloresco) (Caucasian) was the Executive Chief Nurse over nursing. She is the Associate Director Patient Nursing Care and Services. She has overall managerial control of the service and strong influence over its operations.  She was the Plaintiff's third line supervisor for all material times.

8. Preston was the Chief of the Progressive Care Units and Remote Telemetry (PCU) since January 2014.  At material times she was the Plaintiff's first line supervisor and Christopher Schweighardt was the chief nurse of Acute Care and Plaintiff's second line supervisor. Joe D. Battle was the Medical Center Director at the Tampa VAMC at material times. Susan Howells Earle was the Nurse Manager of 4 South at the Tampa VAMC, Deborah A. Mohney was an Assistant Nurse Manager, SICU and Progressive Care Unit (PCU) at the Tampa VA and Genita A Claytor was Supervisory Accountant at the Tampa VAMC. Felipe Garcia-Santos was an HR Specialist and LRAC at the Tampa VAMC. Andrew Sutton is the Human Resource Officer at Haley VAMC. Elaine Preston was the Nurse Manager for Plaintiff in the ER.

9. Each of the employees of the VA as described herein were employed by the Defendant and were acting within the course of his or her employment with the Defendant at the time of conduct described herein.  Each of the employees acted during the relevant times of this complaint.

10. The Defendant has engaged in harassment of employees and a pattern and practice of retaliation for engaging in EEO activity including opposing harassment and discrimination, the filing of informal and formal Equal Employment Opportunity ("EEO") claims, participation in this EEO activity or participation as a witness or as a union representative/steward on behalf of other parties' EEO claims. This retaliation for EEO activity went on throughout all material times.

11. The Plaintiff opposed racial and sexual discrimination and reprisal in and after September 2015 while a nurse in the ER. He filed and participated in an EEO informal complaint on November 16, 2015. His formal complaint was filed on February 16, 2016. 200I-0673-2016100769. He was a witness and presented testimony and documents to the investigator. On January 16, 2018, Plaintiff filed a second informal complaint in the instant case and participated in that complaint as a witness and provided documents. He filed a second formal complaint on March 20, 2018. 200I-0673-2018101932. The facility Director, Joe Battle was notified of the complaint on January 18, 2018. On February 13, 2019, Plaintiff filed a third informal complaint in the instant case and participated in it by providing sworn evidence and documents. Plaintiff filed and participated in a third formal complaint in the instant case on May 28, 2019. 200I-0673-2019192344.

## SPECIFIC ALLEGATIONS

12. Plaintiff was discriminated against based on reprisal for prior EEO activity when he was subjected to a hostile work environment from November 14, 2017 to January 9, 2018.

13. On November 13, 2017 and January 2, 2018, Plaintiff was the subject of two fact-finding investigations.

14. On November 20, 2017, Plaintiff was detailed out of his job to Nursing Education.

15. Because of the fact-finding investigations, Plaintiff was subjected to writing Reports of Contact.

16. On December 8, 2017, Nurse Manager Cathy Preston used information that was six months old to discipline Plaintiff.

17. On December 21, 2017, Plaintiff was charged Absent Without Leave (AWOL).

18. On January 3, 2018, Plaintiff was denied FMLA, even though he was on approved FMLA and had time available.

19. On January 9, 2018, Plaintiff was denied Administrative Absence (AA). Cathy Preston denied Plaintiff's leave request.

20. On January 10, 2018, Plaintiff was denied the results of the second fact-finding investigation conducted on January 2, 2018.

21. From January 14-20, 2018, Plaintiff was denied 44 hours of leave that had been approved one year in advance.

22. On February 5, 2018, Cathy Preston denied Plaintiff FMLA that had already been approved.

23. On February 8, 2018, Cathy Preston questioned Plaintiff about his FMLA.

24. On February 13, 2018, Plaintiff's time and attendance was questioned by a member of management not in Plaintiff's chain of command.

25. On February 16, 2018 and March 6, 2018, Cathy Preston after the fact changed Plaintiff's time cards as follows: January 4-5, 2018, approved Annual Leave changed to LWOP; January 11, 2018, approved Annual Leave changed to LWOP; January 17-19, 2018, approved Annual Leave changed to LWOP.

26. On March 9, 2018 and March 13, 2018, Cathy Preston denied Plaintiff an audit of his time and attendance.

27. On March 21, 2018, Cathy Preston failed to certify Plaintiff's timecard and denied Plaintiff's leave request.

28. On March 28, 2018, April 17, 2018, April 21, 2018, May 22, 2018, and July 5, 2018, Cathy Preston denied Plaintiff's leave request.

29. On April 20, 2018 and May 5, 2018, Plaintiff was made to resubmit his original application for medical disability retirement.

30. Plaintiff is a qualified individual with 100% service connected disabilities including: chronic post-traumatic stress disorder, major depressive disorder, panic attacks, asthma, hypertension, arthritis/degenerative joint disease, non-specific anxiety disorder, and permanent visual impairment.

31. On April 23, 2018, May 1, 2018 and June 4, 2018, when Plaintiff's time and attendance records were determined to be inaccurate, he was denied back pay.

32. On April 24, 2018 and May 1, 2018, Management notified SCL of Plaintiff's reassignment while Plaintiff was on FMLA.

33. On May 10, 2018, Plaintiff was denied the access code to complete the annual employee survey.

34. From May 6-12, 2018, Plaintiff was denied 36 hours of leave that had been approved one year in advance.

35. On June 1, 2018, Assistant Chief Nurse Joann Badget inappropriately questioned Plaintiff regarding his service dog.

36. On June 1, 2018, Cathy Preston told Plaintiff "Do not return to work with an animal" and she was "unaware" of Plaintiff's application for reasonable accommodations.

37. On June 1, 2018 Plaintiff received a proposal for discharge dated May 15, 2018.

38. On June 4, 2018 and as recently as July 3, 2018 Plaintiff's request for a reasonable accommodation was denied.

39. From June 10-16, 2018, Plaintiff was denied 36 hours of leave that had been approved one year in advance.

40. On July 17, 2018, Plaintiff received his Discharge Letter effective July 22, 2018. The discharge was based on alleged clinical and professional incompetence. Plaintiff was not provided with relevant documents directly relating to the charges.

41. Cathy Preston investigated the circumstances of Plaintiff's alleged deficient care. She reviewed the medical records and talked to witnesses. Because of potential conflicts Preston claims she asked others to conduct fact-findings. One fact finding was done by Mahoney and did not come up with facts justifying discharge. Earle was brought in and developed facts which also did not justify discharge. Preston had written all of the questions for fact-findings. The Earle fact-finding showed they were only allowed to record the answers to questions. Preston then reviewed the information obtained and did her own further investigation and wrote criticisms of Plaintiff's statements suggesting it conflicted with other evidence including medical documents. Preston later withheld critical medical records refuting her investigation from the evidence file supporting termination and thus from Schweighardt and Battle.

42. Schweighardt proposed Plaintiff's discharge but has admitted Preston was the primary source for the document proposing Plaintiff's discharge. Preston was also the primary source for Battle's decision to discharge. All knew of Plaintiff's EEO activity.

43. Plaintiff appealed his discharge to the VA's Disciplinary Appeals Board. It was composed of three clinicians (nurses). Plaintiff was pro se. However, the DAB considered his evidence along with the Agency's. Due to the fact that critical medical records directly relevant to the charges were not placed in the evidence file by Preston nor reviewed by Schweighardt and Battle, the DAB made its own investigation and discovered that the records were withheld and rejected termination. The records supported the Plaintiff's testimony that he did work Preston, Schweighardt and Battle claimed was not done. The DAB also discovered evidence that VA due process procedures were violated by Battle, Schweighardt and Preston and cited that in their order as an additional reason to reject termination. The DAB also identified other problems with the Agency's case. After that, the DAB rejected Plaintiff's discharge and ordered him reinstated with full back pay. It authorized a reprimand of the Plaintiff because of a procedural deficiency in one record.

44. After Plaintiff was reinstated, the Defendant resumed its retaliation. It failed to pay Plaintiff in accordance with the DAB order to reinstate and provide back pay.

45. It also discriminated against him by denying reasonable accommodations. Plaintiff was forced to take medical leave as result of the treatment Plaintiff endured, and ultimately constructively discharged. He sought disability retirement but Preston opposed it claiming he was not disabled but an incompetent and poor employee.

46. OPM originally denied his disability retirement. However, Plaintiff appealed to the Merit Systems Protection Board (MSPB) pro se. Once OPM learned the true facts, it confessed error before the MSPB and Plaintiff was awarded disability retirement extending back to February 2018.

47. Plaintiff was discriminated against based on disability (mental and physical) when on January 22, 2019, February 23, 2019 and April 18, 2019 and thereafter he was denied reasonable accommodations (denied service dog at work).

## COUNT I
## RETALIATION

48. Plaintiff, Dartanya L. Hausburg sues Robert Wilkie as Secretary of the Department of Veterans Affairs, for retaliation under Title VII.

49. Plaintiff incorporates and re-alleges paragraphs 1 through 47.

50. Plaintiff engaged in EEO activity which is protected under Title VII that included good faith opposition to unlawful discrimination as well as his participation in his own EEO case.

51. The Defendant was aware of the Plaintiff's protected EEO activities.

52. The Plaintiff was repeatedly subject to material adverse actions which would have included losses in pay and benefits and denial of leave, FMLA and imposition of discipline including termination.

53. The aforesaid adverse employment actions, other adverse actions, misconduct, and other conduct, acts and omissions to the Plaintiff's detriment, were all taken (or failed to be taken) by administrators and managing and supervisory personnel with the Haley VAHCS in retaliation for the protected or EEO activity of the Plaintiff including those set forth above. In the alternative EEO activity was considered during the decision making process or were motivated, at least in part, by his EEO activity. They are the direct and proximate result of the EEO activity.

54. The Defendant, through the supervisors of the Plaintiff, has engaged in, directed, and/or ratified retaliatory conduct, and has frustrated the Plaintiff's efforts to obtain relief and intentionally maintained these retaliatory and unlawful practices to his detriment. The Defendant at all relevant times knew or should have known of the retaliatory actions being taken against the

Plaintiff and failed to take necessary action to prevent or correct the retaliatory actions being taken and, in fact, ratified such conduct.

55. The Defendant, through acceptance of such conduct in this case and others, has fostered an attitude among administrators, managers and supervisors at the Haley VAHCS that retaliation against employees in order to discourage protected EEO activity is an acceptable employment practice.

56. As a result of the foregoing, Plaintiff has been damaged. Those damages include, but are not limited to loss of pay; loss of benefits; loss of an amicable working environment; loss of career and professional opportunities; payment of attorneys' fees and legal costs; harm to his professional reputation; disruption of marital relations; expenses, including expenses relating to change of duties; humiliation, degradation, embarrassment, and severe emotional suffering and distress and aggravation of his medical conditions including constructive discharge. Plaintiff will continue in the future to suffer these damages absent relief from this Court.

57. Plaintiff has satisfied all conditions precedent to the filing of this suit or has been prevented by the Defendant from satisfying such conditions or is excused under the law from satisfying any other conditions.

WHEREFORE, Plaintiff requests prospective relief, a judgment for damages, attorneys' fees and costs and such other and further relief as this Court deems just and proper and for a trial by jury on all issues so triable.

### Count II
### HOSTILE WORK ENVIRONMENT

58. Plaintiff, Dartanya L. Hausburg, sues Robert Wilkie, Secretary, Department of Veterans Affairs for harassment and hostile work environment under Title VII based upon reprisal.

59. Plaintiff incorporates and re-alleges paragraphs 1 through 47.

60. As a direct and proximate result of the foregoing conduct, Plaintiff has been denied equal employment opportunity for wages, promotion, and other terms and conditions of employment by the Defendant due to harassment and hostile work environment.

61. The above harassment and hostile work environment was engaged in by the supervisory personnel within the VA in order to harass the Plaintiff due to his EEO activity, or in the alternative was motivated, at least in part, by that activity. Given the long history of these actions and based upon all the conduct alleged above, the Defendant at all relevant times knew, or should have known, of the above- referenced harassment and hostile work environment against the Plaintiff.  The Defendant has failed to take necessary action to prevent or correct the harassment and hostile work environment and, in fact, ratified such conduct.  The Defendant, through the Plaintiff's managers and supervisors has engaged in, directed or ratified conduct, and denied and frustrated the Plaintiff's efforts to obtain relief.  The Defendant, through acceptance of the complained of conduct within the nursing department, has fostered an attitude among supervisors within the Haley VAMC that harassment and hostile work environment are acceptable employment practices.  Because of the willful actions of the Defendant and its administrators, managers and supervisors, or in the alternative, EEO activity was considered during various decision making processes, or were motivated by EEO animus, and as a proximate cause thereof, the Plaintiff has been and will continue to be denied his rights to equal employment opportunity in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

62. As a result of the foregoing, the Plaintiff has been damaged.  Those damages include, but are not limited to loss of pay; loss of benefits; loss of an amicable working environment; loss of career and professional opportunities; payment of attorneys' fees and legal costs; harm to his professional reputation; disruption of marital relations; expenses, including

expenses relating to change of duties; humiliation, degradation, embarrassment, and severe emotional suffering and distress and aggravation of his medical conditions and constructive discharge. Plaintiff will continue in the future to suffer these damages absent relief from this Court.

63. Plaintiff has satisfied all conditions precedent to the filing of this suit or has been prevented by the Defendant from satisfying such conditions precedent, or is excused under the law from satisfying any other conditions.

WHEREFORE, Plaintiff requests prospective relief, judgment for damages, attorneys' fees and costs, and such other relief as this Court deems just and proper and for a trial by jury on all issues so triable.

## Count IV
## FAMILY MEDICAL LEAVE ACT (FMLA)

64. Plaintiff, Dartanya Hausburg, sues Defendant, Robert Wilkie, Secretary of the Department of Veterans Affairs for violation of the Family Medical Leave Act (FMLA).

65. Plaintiff incorporates and realleges paragraphs 1 through 47.

66. As a direct and proximate result of the foregoing conduct, Defendant has interfered with the Plaintiff's rights under the FMLA. Plaintiff has been denied his rights under the FMLA when his FMLA requests were denied.

67. The above actions were taken by supervisory personnel with the Haley VAHCS.

68. The Defendant through Plaintiff's managers and supervisors has failed to take necessary action to prevent or correct the violation of FMLA and directed, ratified denied and frustrated Plaintiff's efforts to obtain her rights under FMLA.

## Count IV
## DISABILITY DISCRIMINATION AND FAILURE TO REASONABLY ACCOMMODATE DISABILITY

69. Plaintiff, Dartanya Hausburg, Robert Wilkie, Secretary, Department of Veterans Affairs for disability discrimination and failure to reasonably accommodate a disability under Section 501 of the Rehabilitation Act of 1973, 29 U.S,C. § 791 (Rehabilitation Act) and Section 717 of the Civil Rights Act of 1964, as amended.

70. Plaintiff incorporates and realleges paragraphs 1 through 47.

71. As a direct and proximate result of the foregoing conduct, Plaintiff has been denied equal employment opportunity for wages, promotion, and other terms and conditions of employment by the Defendant because of disability discrimination and failure to reasonably accommodate disability.

72. The Defendant further failed to reasonably accommodate Plaintiff.

73. The above discriminatory actions were taken by the supervisory personnel within the James A., Haley VAMC in order to deprive Plaintiff of employment and other employment action because of his disability.

74. The Defendant has intentionally maintained these discriminatory and unlawful practices to the detriment of Plaintiff.

75. The above-referenced actions have created an intolerable hostile work environment.

76. The Defendant at all relevant times knew, or should have known, of the above-referenced discrimination against Plaintiff.

77. The Defendant has failed to take necessary action to prevent or correct the complaint of discrimination and, in fact, ratified such conduct.

78. The Defendant, through Plaintiff's managers and supervisors has engaged in, directed or ratified conduct and denied and frustrated Plaintiff's efforts to obtain relief under

Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791 (Rehabilitation Act) and Section 717 of the Civil Rights Act of 1964, as amended.

79. The Defendant, through acceptance of the complained of conduct, has fostered an attitude among supervisors at Haley VAMC that disability discrimination and failure to reasonably accommodate disability are acceptable employment practices.

80. Because of the willful actions of the Defendant and its administrators, managers and supervisors, and as a proximate cause thereof, Plaintiff has been and continues to be denied his rights to equal employment opportunity in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and the Rehabilitation Act.

81. As a result of the foregoing, Plaintiff has been damaged. Those damages include, but are not limited to loss of pay; loss of wages, loss of back pay; loss of benefits; loss of an amicable working environment; loss of career and professional opportunities; a lower performance appraisal; payment of attorney's fees and legal costs; harm to his professional reputation; and humiliation, degradation, embarrassment, and severe emotional suffering and distress and constructive discharge. Plaintiff will continue in the future to suffer these damages absent relief from this Court.

Wherefore, Plaintiff requests reasonable accommodation, prospective relief, a judgment for damages, attorney's fees and costs and such other and further relief as this Court deems just and proper and for a trial by jury on all issues so triable.

### Count V
### INJUNCTIVE RELIEF

82. Plaintiff sues Defendant, Robert Wilkie, Secretary of the Department of Veterans Affairs for injunctive relief.

83. Plaintiff incorporates and realleges paragraphs 1 through __.

84. Unless the above practices are enjoined, Plaintiff will suffer irreparable harm.

85. There is: (1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless an injunction issues; (3) the threatened injury to Plaintiff is greater than any damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, will not disserve the public interest.

86. Plaintiff requests the Court award him attorneys' fees and costs and enter preliminary and permanent injunctions enjoining the following practices, actions and conduct:

   a. Violating Title VII or the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. 2000e-16 as described above including retaliation against Plaintiff for protected or EEO activity and discrimination based on race and disability, and

   b. Such other practices, actions or conduct, and in the manner, that the court deems appropriate.

WHEREFORE, Plaintiff demands trial by jury of all issues so triable and such other and further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

September 30, 2020

Respectfully submitted,

*/s/ Joseph D. Magri*
Joseph D. Magri
Florida Bar No.: 0814490
Merkle & Magri, P.A.
5601 Mariner Street, Suite 400
Tampa, FL 33609
Telephone: (813) 281-9000
Facsimile: (813) 281-2223
Email: jmagri@merklemagri.com