UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARTANYA L. HAUSBERG

    Plaintiff,

v.                                      Case No. 8:20-cv-2300-TPB-JSS

ROBERT WILKIE, Secretary,
DEPARTMENT OF VETERANS
AFFAIRS,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on "Defendant's Motion to Dismiss Count II of Plaintiff's First Amended Complaint" filed on February 19, 2021. (Doc. 25). Plaintiff filed a response in opposition to the motion on March 12, 2021. (Doc. 26). On April 7, 2021, Plaintiff filed a notice of supplemental authority. (Doc. 27). Based on the motion, response, notice of supplemental authority, court file, and record, the Court finds as follows:

**Background**[1]

Plaintiff Dartanya L. Hausberg has been employed by Defendant Department of Veterans Affairs as a Registered Nurse at the James A. Haley VA Hospital since

---

[1] The Court accepts as true the facts alleged in the complaint for purposes of ruling on the pending motions to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

October 2014.  Plaintiff suffers from physical and psychological disabilities, including post-traumatic stress disorder, asthma, and arthritis.  Plaintiff alleges that from November 2017 to April 2019, his supervisor and other representatives of Defendant, among other things, subjected Plaintiff to numerous internal investigations, audits, and questions about his time records, denied him reasonable accommodation for his disabilities, denied him FMLA leave on numerous occasions, and provided him with a proposal for discharge, which was rescinded after an investigation.  Plaintiff alleges these actions constituted harassment, discrimination, retaliation against him for filing a series of formal and informal discrimination complaints, and denial of benefits and interference with his rights under the Family and Medical Leave Act ("FMLA").

Based on the foregoing, Plaintiff asserts claims for retaliation under Title VII (Count I), hostile work environment (Count II), denial of benefits and interference under the FMLA (Count III), disability discrimination and denial of reasonable accommodation under the Rehabilitation Act (Count IV), and injunctive relief (Count V).  Defendant has moved to dismiss Count II on the ground that it fails to state a claim for relief.

**<u>Legal Standard</u>**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a).  While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995).  Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

### *Shotgun Pleading*

Before addressing Defendant's arguments for dismissal, the Court *sua sponte* finds that Count II must be dismissed because it violates the rule against "shotgun pleadings." *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015) (identifying four primary types of shotgun pleadings); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 983-84 (11th Cir. 2008) (explaining that shotgun pleading should be stricken *sua sponte*).  Specifically, Count II

"commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1322-23.

Count II, titled "Hostile Work Environment," appears to allege two distinct claims: (1) a claim that Defendant created a hostile work environment in retaliation for Plaintiff's filing formal and informal harassment complaints, in violation of Title VII, and (2) a claim that Defendant created a hostile work environment in order to discriminate against Plaintiff due to his disabilities, presumably in violation the Rehabilitation Act.[2] These claims, asserted under different statutes and alleging two different theories – discrimination (or disparate treatment) and retaliation – must be pled in separate counts. *See, e.g.*, *Williams v. Polk Cty. Bd. of Cty. Comm'rs*, No. 8:20-cv-2842-WFJ-SPF, 2021 WL 1060199, at *4 (M.D. Fla. Mar. 19, 2021) (requiring claims for hostile work environment under Title VII, Rehabilitation Act, and the ADEA to be separated into different counts); *Desrouleaux v. Quest Diagnostics, Inc.*, No. 09-61672-CIV, 2010 WL 1571188, at *2 (S.D. Fla. Apr. 20, 2010) (holding that single count of complaint improperly included reference to both a disparate treatment clam and a hostile work environment claim); *Williams v. Perry Slingsby Sys. Inc. Technip Group*, No. 08-81076, 2008 WL 11333634, at *2 (S.D. Fla. Oct. 15, 2008) ("[I]f plaintiff is alleging hostile work environment,

---

[2] Count II does not cite the Rehabilitation Act, but of the three federal statutes the complaint relies on, only the Rehabilitation Act covers disability discrimination. To the extent that Plaintiff does not intend to assert a hostile work environment disability discrimination claim under the Rehabilitation Act, he must delete from Count II allegations that appear to inject such a claim, such as the allegation that Count II is "based on disparate treatment due to his disability."

disparate treatment, wrongful termination, or unlawful retaliatory discharge, each of those distinct legal claims or legal theories requires a separate count . . . .").

Count IV, brought under the Rehabilitation Act, suffers from the same flaw, because it asserts claims for both disability discrimination (or disparate treatment) and denial of reasonable accommodation. These are two different types of discrimination claims. *See, e.g., Toliver v. City of Jacksonville*, 3:15-cv-1010-J-34JRK, 2017 WL 1196637, at *5 (M.D. Fla. Mar. 31, 2017) ("Under the ADA, there are two distinct categories of disability discrimination: (1) disparate treatment and (2) failure to accommodate.") (citing *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1261-62 (11th Cir. 2007)). Count IV therefore will be dismissed with leave to amend for violating the shotgun pleading rule. *See Hart v. Bear Staffing Services, Inc.*, 2:20-cv-554-JLB-NPM, 2021 WL 1662766, at *2 (M.D. Fla. Apr. 28, 2021) (dismissing single count that included both failure to accommodate and discriminatory discharge claims under the ADA).

Accordingly, Count II and Count IV are dismissed, with leave to amend. In any amended pleading, Plaintiff is directed to plead claims brought under different statutes and claims asserting different theories as described above in separate counts, and in doing so to incorporate by reference into each individual count only those paragraphs of Plaintiff's general allegations relevant to that count.

### *Retaliation Under Title VII*

As noted above, one of the two claims asserted in Count II is that Defendant retaliated against Plaintiff for filing formal and informal harassment complaints by

creating a hostile work environment in violation of Title VII.  Defendant argues that Plaintiff has failed to allege conduct sufficiently "severe" and "pervasive" to create a hostile work environment.  As the Eleventh Circuit has recently made clear, however, retaliatory hostile work environment claims under Title VII do not require proof of "severe" or "pervasive" harassment.  Claims for retaliatory hostile work environment need only allege the employer retaliated against the employee by creating a work environment that would deter a reasonable person from engaging in the protected activity.  *Babb v. Sec'y, Dep't of Veterans Affairs*, 992 F.3d 1193, 1206-07 (11th Cir. 2021); *Monaghan v. Worldpay US, Inc.*, 955 F.3d 855, 860-62 (11th Cir. 2020).  Defendant does not argue that Plaintiff's allegations of retaliatory hostile work environment fail to meet this standard.  Accordingly, Defendant's motion to dismiss Count II is denied as to this ground.

### *Disability Discrimination Under the Rehabilitation Act.*

The second claim in Count II is that Defendant discriminated against Plaintiff due to his disabilities by creating a hostile work environment in violation the Rehabilitation Act.[3]  Because this claim is not based on retaliation, it is governed by the standards applicable to hostile work environment claims generally.[4]  *See Tonkyro v. Sec'y, Dep't of Vet. Affairs*, 995 F.3d 828, 836 (11th Cir.

---

[3] The Eleventh Circuit has not decided whether a claim for hostile work environment exists under the Rehabilitation Act, but the Court assumes that it does for purposes of this Order. *See, e.g., Chastain v. City of Douglasville*, No. 1:14-CV-4038-AT-CMS, 2017 WL 10753292, at *8 (N.D. Ga. Jan. 20, 2017), *report and recommendation adopted*, 2017 WL 10768465 (N.D. Ga. Feb. 23, 2017).

[4] Count II also refers to a denial of reasonable accommodation, but this appears to be part of Plaintiff's hostile work environment claims under Title VII and the Rehabilitation Act as

2021) (holding that *Monaghan* left untouched the standard applied to substantive hostile work environment claims).

To establish a hostile work environment claim, a plaintiff must show that "(1) he is a member of a protected group; (2) who has been subjected to unwelcome harassment; (3) based on a protected characteristic, (4) that was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that his employer is vicariously or directly liable for the environment." *Ng v. Brennan*, No. 8:17-cv-509-T-36AEP, 2019 WL 2436581, at *6 (M.D. Fla. June 11, 2019) (internal quotations omitted).

In assessing whether alleged actions are sufficiently severe and pervasive, courts look to the totality of the circumstances, including the frequency of the conduct, its severity, whether it is physically threatening or humiliating or merely offensive, and whether it unreasonably interferes with the employee's job performance. *E.g., Ng,* 2019 WL 2436581, at *6 (citing *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1276 (11th Cir. 2002)). Petty office squabbles, communication issues, and "ordinary workplace tribulations" are insufficient to create a hostile work environment. *Mahone v. CSX Transp., Inc.*, 652 F. App'x 820, 823 (11th Cir. 2016) (internal quotations omitted); *Baroudi v. Sec'y, U.S. Dep't of Veterans Affairs*, 616 F. App'x 899, 905 (11th Cir. 2015). Instead, the workplace

---

opposed to a distinct claim. As noted above, Count IV as currently pled contains a claim for denial of reasonable accommodation.

must be "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive environment." *Tonkyro,* 995 F.3d at 836-37 (internal quotations omitted). Moreover, the "intimidation, ridicule, and insult" must have connotations related to the employee's protected status (here, Plaintiff's disabilities) to be actionable. *See id.* at 837 (holding in a gender discrimination case that the "intimidation, ridicule, and insult must also bear 'the necessary sexual or other gender-related connotations to be actionable sex discrimination.'") (quoting *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1247 (11th Cir. 1999) (en banc)).

Although Plaintiff at the pleading stage need not set forth facts sufficient to make out a prima face case under the classic *McDonnell Douglas* framework, he must provide sufficient factual detail to suggest discrimination in the form of a hostile work environment. *See Uppal v. Hosp. Corp. of Am.*, 482 F. App'x 394, 396 (11th Cir. 2012) (affirming dismissal of hostile work environment claim where complaint failed to allege sufficient facts suggesting that discrimination played any role in adverse employment decisions); *Gibson v. Walgreen Co.*, No. 6:07-cv-1053-Orl-28KRS, 2008 WL 11435769, at *1 (M.D. Fla. Feb. 21, 2008) (holding that the complaint "must provide enough factual matter (taken as true) to suggest intentional race discrimination in the form of a racially hostile work environment.") (internal quotations omitted).

Plaintiff fails to allege facts sufficient to suggest a hostile work environment under the standards set forth above. The complaint lists numerous actions taken

by Plaintiff's supervisors, with which he apparently disagrees. These include fact finding investigations, unspecified disciplinary actions, audits and questions about Plaintiff's time records, denials of access to information, and denials of requests for leave. But these appear to be discrete events, described in conclusory terms, with no facts alleged showing a connection to Plaintiff's disability.[5]

Plaintiff alleges numerous denials of approved FMLA leave, but no specifics are provided and none of these actions is alleged to have been accompanied by ridicule, insult, or humiliation directed at Plaintiff based on his disabilities. *See, e.g., Vazquez-Robles v. CommoLoCo, Inc.*, 186 F. Supp. 3d 138, 152 (D.P.R. 2016) (rejecting hostile work environment claim based on repeated reminders to complete forms, denial of request for temporary demotion, and unsatisfactory evaluations that were not accompanied by comments that were hostile, abusive, insulting, or harassing).

The only specific comments mentioned in the complaint involve an incident where someone "inappropriately" questioned Plaintiff about his service dog, and his

---

[5] Facially neutral conduct, if motivated by a discriminatory purpose, may be considered as part of the "totality of circumstances" supporting a hostile work environment claim, but such claims also typically include allegations of repeated verbal harassment or more severe, egregious, or overtly discriminatory conduct, such as offensive language, derogatory remarks, and the like. *See, e.g., Chavez v. New Mexico*, 397 F.3d 826, 833 (10th Cir. 2005) ("Facially neutral abusive conduct can support a finding of gender animus sufficient to sustain a hostile work environment claim when that conduct is viewed in the context of other, overtly gender-discriminatory conduct."); *Casiano v. AT&T Corp.*, 213 F.3d 278, 285 (5th Cir. 2000) ("When viewed in *pari materia* with multiple incidents of egregious sexual misconduct alleged, . . . such [neutral] behavior can serve to bolster a conclusion of sexual harassment, even severe or pervasive harassment."). Plaintiff fails to allege such overtly discriminatory or egregious conduct.

supervisor's instruction on one occasion not to bring the dog to work. These comments and the other actions described above do not suggest the severity or pervasiveness necessary to give rise to a hostile work environment. *See, e.g.*, *Camp v. HB&G Bldg. Prods., Inc.*, No. 2:17-cv-152-ECM, 2002 WL 1183792, at *15 (M.D. Ala. Mar. 29, 2021) (granting summary judgment where plaintiff pointed to discrete employment actions but presented no evidence of comments directed at him or facts showing he was hindered in his ability to do his job or a "workplace . . . permeated with discriminatory intimidation, ridicule, and insult") (quoting *Butler v. Ala. Dep't of Transp.*, 536 F.3d 1209, 1214 (11th Cir. 2008)). The sheer number of events alleged, without facts demonstrating the requisite severity, is insufficient to support a hostile work environment claim. *See Baird v. Gotbaum*, 792 F.3d 166, 172 (D.C. Cir. 2015) (noting that "a long list of trivial incidents is no more a hostile work environment than a pile of feathers is a crushing weight"); *O'Brien v. Dep't of Agric.*, 532 F.3d 805, 809 (8th Cir. 2008) ("Appellants seem to argue that the sheer number of alleged instances of harassment must equate to a racially hostile work environment. We disagree."). Count II therefore fails to state a claim for disability discrimination by the creation of a hostile work environment. The motion to dismiss is granted as to this ground, with leave to amend.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's Motion to Dismiss Count II of Plaintiff's First Amended Complaint" (Doc. 25) is **GRANTED IN PART** and **DENIED IN PART**.

2. Counts II and IV are **DISMISSED WITHOUT PREJUDICE** with leave to amend.

3. The motion is otherwise **DENIED**.

4. Plaintiff is directed to file an amended complaint to correct the deficiencies identified in this Order on or before September 24, 2021.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of September, 2020.

*/s/ Tom Barber/*

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**