# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DARTANYA L. HAUSBERG

    Plaintiff,

v.                                                                        Case No. 8:20-cv-2300-TPB-JSS

DENIS MCDONOUGH, Secretary,
DEPARTMENT OF VETERANS
AFFAIRS,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on "Defendant's Motion to Dismiss Counts IV, V, and VI of Plaintiff's Third Amended Complaint," filed on October 29, 2021. (Doc. 33). Plaintiff filed a response in opposition on December 3, 2021. (Doc. 36). Based on the motion, response, court file, and record, the Court finds as follows:

### Background[1]

Plaintiff Dartanya Hausberg alleges he has suffered discrimination, retaliation, and harassment at the James A. Haley VA Hospital where has worked since 2014. In his first amended complaint against Defendant the Department of Veterans Affairs, Plaintiff alleged claims for retaliation under Title VII (Count I),

---

[1] The Court accepts as true the facts alleged in the complaint for purposes of ruling on the pending motions to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

hostile work environment (Count II), denial of benefits and interference under the Family and Medical Leave Act ("FMLA") (Count III), disability discrimination and denial of reasonable accommodation under the Rehabilitation Act (Count IV), and injunctive relief (Count V).

In response to Defendant's motion to dismiss, the Court dismissed Counts II and IV on shotgun pleading grounds. (Doc. 28). As to Count II, the Court ruled that it impermissibly included distinct claims for retaliatory hostile work environment under Title VII and discriminatory hostile work environment under the Rehabilitation Act in a single count. As to the substance of the claims in Count II, the Court denied Defendant's motion to dismiss the allegations of retaliatory hostile work environment, but granted Defendant's motion as to the allegations of discriminatory hostile work environment based on disability. The Court granted Plaintiff leave to file a second amended complaint. Plaintiff did so, and then with Defendant's agreement filed a third amended complaint.

The third amended complaint alleges claims for retaliation under Title VII (Count I), retaliatory hostile work environment under Title VII (Count II), FMLA violations (Count III), failure to reasonably accommodate a disability under the Rehabilitation Act (Count IV), disability discrimination under the Rehabilitation Act (Count V), disability hostile work environment under the Rehabilitation Act (Count VI), and injunctive relief (Count VII). Defendant moves to dismiss Counts IV, V, and VI.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

Defendant argues that Plaintiff's Rehabilitation Act claims in Counts IV, V, and VI fail to sufficiently allege that Plaintiff is disabled and otherwise qualified for

his job.  As to Count V, Defendant also argues that Plaintiff has failed to sufficiently allege a connection between the alleged adverse actions and Plaintiff's disability.  The Court declines to consider these arguments because they could have been raised in Defendant's motion to dismiss directed to the first amended complaint, but were not.  *See, e.g., United Fire & Cas. Co. v. Progressive Express Ins. Co.*, No. 6:19-cv-1049-Orl-41EJK, 2020 WL 11421205, at *2 (M.D. Fla. June 15, 2020) (explaining that Rule 12(g)(2) precludes a defendant from raising new grounds for dismissal that were available when the defendant previously moved to dismiss).  The goals of efficiency and avoiding delay are best served by considering these issues at the summary judgment stage on a more complete record.  Accordingly, the motion to dismiss Counts IV, V, and VI is denied as to these grounds.

Defendant also moves to dismiss Count VI on the ground that it fails to allege facts showing a hostile work environment.  The Court agrees that this claim still suffers from the defect identified in the Court's prior dismissal order:  a failure to allege the requisite severe or pervasive abuse, ridicule and insult directed at Plaintiff based on his disability.  Count VI of the third amended complaint is therefore dismissed with prejudice.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's Motion to Dismiss Counts IV, V, and VI of Plaintiff's Third Amended Complaint" (Doc. 33) is **GRANTED IN PART** and **DENIED IN PART**.

2. Count VI is **DISMISSED WITH PREJUDICE.**

3. The motion is otherwise **DENIED**.

4. Defendant is directed to file its answer to the third amended complaint on or before April 26, 2022.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of April, 2022.

*[signature]*

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**