UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARTANYA L. HAUSBURG,

    Plaintiff,

v.                                                              Case No: 8:20-cv-2300-JSS

DENIS MCDONOUGH,

    Defendant.
_____/

## ORDER

Defendant moves to seal exhibits attached to his Motion for Summary Judgment (Dkt. 91). (Motion, Dkt. 92.) Counsel for Defendant represents that she inadvertently filed unredacted versions of certain exhibits that contain personally identifiable information, such as Plaintiff's social security number and home address, non-party patient names, and other personally identifiable information. (*Id.*) Counsel further represents that she is conducting a review of all of the exhibits, and asks that the court seal all of the exhibits pending her filing of redacted versions of all the exhibits that contain personally identifiable information. Upon consideration, Defendant's Motion is granted in part.

Under Local Rule 1.11(c), a party seeking to file any paper or other matter under seal if not authorized by a statute, rule, or order must: (1) must include in the title "Motion for Leave to File Under Seal"; (2) must describe the item proposed for sealing; (3) must state the reason: (A) filing the item is necessary, (B) sealing the item

is necessary, and (C) partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; (4) must propose a duration of the seal; (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (6) must include a legal memorandum supporting the seal; but (7) must not include the item proposed for sealing. No order sealing any item shall extend beyond 90 days after a case is closed and all appeals exhausted. M.D. Fla. Local R. 1.11(f).

Although a district court has "supervisory power over its own records and files," that power must be used responsibly to balance the public's right of access with interests favoring confidentiality. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–99 (1987). Discovery materials are presumptively confidential and "material filed with discovery motions is not subject to the common-law right of access." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001). However, "[m]aterial filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access," which includes the right to inspect and copy public records and documents. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). "This right of access is not absolute" and "may be overcome by a showing of good cause," taking into consideration the public interest in accessing court documents and the party's interest in keeping the information confidential. *Id.* at 1245–46. In particular, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* at 1246.

Upon consideration, the court finds that Defendant has shown good cause to seal the identified exhibits, as they contain personally identifiable information, including Plaintiff's social security number and home address and the names of non-party medical patients. *See Allgood v. Paperlesspay Corp.*, No. 3:20-cv-516-MMH-MCR, 2021 WL 3887558, at *2 (M.D. Fla. June 4, 2021) (finding good cause to seal personally identifiable information, "including addresses, personal email addresses, a license plate number, telephone numbers, age, prior employment, personal photographs, and the names and personal identifying information of family members"); *Shamblin v. Obama for Am.*, No. 8:13-cv-2428-T-33TBM, 2014 WL 6611006, at *3 (M.D. Fla. Nov. 21, 2014) ("the personal identifying information of third parties deserves protection"); Fed. R. Civ. P. 5.2 (requiring redaction of all but the last four digits of an individual's social security number). Further, because the documents have inadvertently already been filed on the public docket in unredacted form, the court excuses Defendant's initial failure to adhere to the procedural requirements of Middle District of Florida Local Rule 1.11 in filing the Motion.

Accordingly:

1. Defendant's Unopposed Motion to Seal Exhibits Containing Personally Identifiable Information (Dkt. 92) is **GRANTED in part**. The Clerk is directed to seal Exhibits B, D, E, F, G, I, K, O, and Q to Defendant's Motion for Summary Judgment (Dkt. 91). (Dkts. 91-2, 91-4, 91-5, 91-6, 91-7, 91-9, 91-11, 91-15, 91-17.)

2. Plaintiff is directed to file on the public docket redacted versions of those exhibits on or before March 13, 2023.

3. The documents shall remain under seal for 90 days after the case is closed and all appeals are exhausted.

4. Defendant is further directed to supplement his Motion on or before March 13, 2023, with additional information in accordance with Local Rule 1.11, including the name, mailing address, email address, and telephone number of the person authorized to retrieve the sealed material.

5. To the extent Defendant identifies additional exhibits or material that require sealing, Defendant shall file a new motion in accordance with Local Rule 1.11.

**ORDERED** in Tampa, Florida, on March 9, 2023.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record